UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

PERMA-PIPE, INC. )
    Plaintiff, )
     )
v. )   Civil Action No. 05 cv 10454 NMG
     )
BURTON H. KLEINFELD, ESQ. and )
KLEINFELD, MEYER & DePAOLA )
    Defendants. )
     )

MAGISTRATE JUDGE JGD

## COMPLAINT

Perma-Pipe, Inc., plaintiff, by counsel, files this complaint against Burton H. Kleinfeld and Kleinfeld, Meyer & DePaola, defendants, and states as follows:

### THE PARTIES

1. Perma-Pipe, Inc. ("Perma-Pipe") is an Illinois corporation with its headquarters in Niles, Illinois. Perma-Pipe is a manufacturer of preinsulated piping products.

2. Burton H. Kleinfeld ("Mr. Kleinfeld") is, upon information and belief, a resident of Massachusetts. Mr. Kleinfeld is an attorney licensed to practice in the Commonwealth of Massachusetts.

3. Kleinfeld, Meyer & DePaola is a law firm located in Boston, Massachusetts. Mr. Kleinfeld was a member of Kleinfeld, Meyer & DePaola at all times relevant to this complaint.

### JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court under 28 U.S.C. §1332 in that it is between citizens of different states and the amount in controversy exceeds $75,000. Venue is proper under 28 U.S.C. §1391(a).

## FACTS

5. From April 2001 to October 17, 2001, Perma-Pipe provided materials and field technical assistance ("FTA") to Norfolk Mechanical Contractors, Inc. ("Norfolk") for work on an apartment project at Bridgewater State College in Bridgewater, Massachusetts. Norfolk was a sub-contractor on the project to whom Perma-Pipe provided the materials and FTA. Travi Construction Corp. ("Travi") was the general contractor. Travi was the principal on a labor and materials payment bond with CCU Insurance Company as the surety pursuant to Bond No. SB0063948 (the "Bond"). XL Specialty Insurance Company ("XL Specialty") is the successor in interest to CCU Insurance Company.

6. Despite Perma-Pipe's complete and timely delivery of the materials and workmanlike performance of the FTA for Norfolk, Norfolk failed and refused to pay the final balance due to Perma-Pipe for those services in the amount of $72,439.28.

7. On November 19, 2001, Perma-Pipe gave notice to XL Specialty of its claim on the Bond. Pursuant to the Bond the claimant was defined as one having a direct contract with the principal or with a subcontractor of the principal for labor, material, or both, used or reasonably required for use in performance of the contract.

8. XL Specialty acknowledged the notice of the claim but reserved all of its rights and defenses under the Bond.

9. XL Specialty wrongfully and without justification refused to make payment on Perma-Pipe's Bond claim.

10. Through its unjustified refusal to make payments on the claim, XL Specialty also knowingly and willfully committed an unfair and deceptive act, prohibited by Massachusetts General Laws Chapter 93A.

11. In early 2002, Perma-Pipe retained Burton H. Kleinfeld and his law firm, Kleinfeld, Meyer & DePaola, to represent it in pursuing a claim against XL Specialty.

12. On March 18, 2002, Mr. Kleinfeld sent a letter, under Kleinfeld, Meyer & DePaola letterhead, to XL Specialty in which he stated that he "represent[ed] Perma-Pipe, Inc. of Niles, Illinois with regard to their claim under the [SB0063948] bond." Mr. Kleinfeld also stated in his letter that "unless payment is made under said bond forthwith, it is our intention to institute suit on the bond to collect the full amount due my client. You are further notified, that your failure to pay under the bond in a timely fashion constitutes an unfair and deceptive trade practice in violation of Chapter 93A of the General Law of the Commonwealth of Massachusetts. Unless you remit forthwith it is our intention to seek all remedies due under the statute, which can include treble damages and reasonable attorneys fees." A true and accurate copy of this letter is attached hereto as Exhibit A.

13. XL Specialty refused to pay under the Bond. Thereafter, Perma-Pipe advised Mr. Kleinfeld to file suit on its behalf against XL Specialty on the Bond. Mr. Kleinfeld represented to Perma-Pipe that he would file suit on behalf of Perma-Pipe and later represented that he did, in fact, file suit on behalf of Perma-Pipe against XL Specialty. Under the terms of the Bond, there was a one-year statute of limitations for the commencement of a suit on the Bond.

14. After March 2002 and continuing until December 2004, Perma-Pipe made repeated requests to Mr. Kleinfeld for a status update of the action. Mr. Kleinfeld misrepresented to Perma-Pipe that suit had been filed, when in fact no suit was filed. Mr. Kleinfeld also made excuses such as he was on vacation, his cell phone battery went dead, the court has not assigned a trial date, and that the court is behind because of all the criminal cases that take precedence

over civil cases. Mr. Kleinfeld made those misrepresentations to Perma-Pipe to hide the fact that he did not file suit against XL Specialty and to keep Perma-Pipe in the dark about his negligence.

15. On December 15, 2004, Mr. Kleinfeld admitted to Perma-Pipe that he did not file a lawsuit against XL Specialty.

16. The statute of limitations has run on Perma-Pipe's claim against XL Specialty on the Bond.

## COUNT I
### Professional Negligence

17. Perma-Pipe incorporates by reference the allegations of paragraphs 1 through 16 as though fully set forth herein.

18. Mr. Kleinfeld and Kleinfeld, Meyer & DePaola owed Perma-Pipe a duty to exercise that degree of care and diligence in pursuing Perma-Pipe's claim on the Bond as used by attorneys engaged in the practice of law. This duty included bringing action on Perma-Pipe's claim within the applicable statute of limitations, and not misrepresenting to Perma-Pipe the status of its claim.

19. By failing to take action and by failing to exercise diligence in pursuing Perma-Pipe's claim for damages prior to the expiration of the statute of limitations, and in affirmatively misrepresenting the status of Perma-Pipe's claim, Mr. Kleinfeld and Kleinfeld, Meyer & DePaola breached the duty they owed to Perma-Pipe in violation of the standards reasonably to be expected of a reasonably competent practitioner in the legal profession, and in these circumstances, and by their acts and omissions as alleged herein, negligently failed to render proper legal representation to Perma-Pipe.

20. With the exception of Mr. Kleinfeld's and Kleinfeld, Meyer & DePaola's negligence in failing to bring Perma-Pipe's action prior to the expiration of the statute of limitations, at all

times herein, Perma-Pipe would have prevailed on its claim against XL Specialty if timely filed, would have collected on the Bond, and would have been entitled to a recovery of multiple damages on its Chapter 93A claim as a result of XL Specialty's willful and known commission of unfair and deceptive trade practices.

21. As a result of the negligence of Mr. Kleinfeld and Kleinfeld, Meyer & DePaola, Perma-Pipe has suffered damages of at least $72,439.28, and up to $217,317.84, which is $72,439.28 trebled, plus interest and attorneys' fees provided under the terms and conditions of the sale of the material and FTA.

WHEREFORE, Perma-Pipe, Inc., demands judgment against defendants Burton H. Kleinfeld and Kleinfeld, Meyer & DePaola for damages arising from their professional negligence in the amount of $217,317.84, which amount includes treble damages under Massachusetts General Laws Chapter 93A, plus interest and attorneys' fees pursuant to the terms and conditions of the contract of sale, plus such other and further relief as is just and equitable.

### COUNT II
### G. L. c. 93A Violations Against Mr. Kleinfeld and Kleinfeld, Meyer & DePaola

22. Perma-Pipe repeats the allegations contained in paragraphs 1 through 21 as though fully set forth herein.

23. The plaintiff, Perma-Pipe, engages in the conduct of trade or commerce in Massachusetts pursuant to G. L. c. 93A § 11.

24. The defendants, Mr. Kleinfeld and Kleinfeld, Meyer & DePaola, are engaged in the conduct of trade or commerce in Massachusetts pursuant to G. L. c. 93A § 11.

25. By reason of the defendants, Mr. Kleinfeld's and Kleinfeld, Meyer & DePaola's, professional negligence and misrepresentations, the defendants, Mr. Kleinfeld and Kleinfeld,

Meyer & DePaola, have committed unfair or deceptive practices in the conduct of trade or commerce, all in violation of G. L. c. 93A.

26. As a result of defendants, Mr. Kleinfeld's and Kleinfeld, Meyer & DePaola's, commission of unfair and deceptive practices in violation of G. L. c. 93A, Perma-Pipe has suffered harm and monetary damages.

WHEREFORE, Perma-Pipe, Inc. demands the following judgment against Burton H. Kleinfeld and Kleinfeld, Meyer & DePaola as to Count II:

1. That the plaintiff be awarded judgment against both defendants in an amount determined at trial;

2. That this Court:

    a. find that the professional negligence and misrepresentations by defendants were in bad faith with knowledge or reason to know that the acts or practices complained of violated Section 2 of G. L. c. 93A;

    b. find that the use or employment of the acts or practices by the defendants were willful or knowing violations of Section 2 of G. L. c. 93A;

    c. award multiple damages against both defendants in an amount of not less than double but not more than treble the actual damages; and

    d. award reasonable costs and attorneys' fees on behalf of plaintiff; and

3.   That this Court award other relief on behalf of plaintiff against defendants as this Court deems just and fit.

>Perma-Pipe, Inc.
>
>By its attorneys,
>
>*[signature]*
>
>Mark G. DeGiacomo, BBO #118170
>Michael Connolly, BBO #637642
>Murtha, Cullina LLP
>99 High Street, 20th Floor
>Boston, Massachusetts 02110
>617.457.4000 (Phone)
>617.482.3868 (Fax)
>
>and
>
>Lawrence J. Quinn (*admission pro hac vice pending*)
>Tydings & Rosenberg LLP
>100 East Pratt Street, 26th Floor
>Baltimore, Maryland 21202
>410.752.9700 (Phone)
>410.727.5460 (Fax)

Dated: March _10_, 2005

# KLEINFELD, MEYER & DEPAOLA
### ATTORNEYS AND COUNSELLORS AT LAW*
### EIGHT WINCHESTER STREET
### BOSTON, MASSACHUSETTS 02116-5424

LEONARD F. DEPAOLA
BURTON H. KLEINFELD
GORDON E. MEYER
REBEKKA A. MONAHAN

*Of Counsel*
ERNEST W. YORK, JR.

TELEPHONE: (617) 482-2377
FACSIMILE: (617) 482-0639
E-MAIL: GENERAL@KMDMASS.COM

March 18, 2002

XL Specialty Insurance Company
436 Walnut Street
Philadelphia, PA 19106-3786

ATTN:   Mr. Donald M. Bieda
        Surety Claim Manager
        Claims Department

Re:     Perma-Pipe, Inc.
        Principal: Travi Construction Corporation
        Project: Great Hill Apartment
        Bond Number: SB0063948

Dear Mr. Bieda:

Please be advised that I represent Perma-Pipe, Inc., of Niles, Illinois with regard to their claim under the above described bond. It is clear that from the change order dated April 17, 2001 from Perma-Pipe, Inc., through Canyon-Barstow Company addressed to Norfolk Mechanical, Inc., the subcontractor that field technical assistance, including a Certificate of Compliance was required of Perma-Pipe, Inc. Said services were rendered on October 17, 2001 and therefore the claim under the bond is valid and appropriate.

Unless payment is made under said bond forthwith, it is our intention to institute suit on the bond to collect the full amount due my client. You are further notified, that your failure to pay under the bond in a timely fashion, constitutes an unfair and deceptive trade practice in violation of Chapter 93A of the General Law of the Commonwealth of Massachusetts. Unless you remit forthwith it is our intention to seek all remedies due under the statute, which can include treble damages and reasonable attorney fees.

Unless you remit forthwith I intend to pursue all available remedies on behalf of my client.

Very truly yours,

Burton H. Kleinfeld

RECEIVED
MAR 20 2002
CANYON-BARSTOW CO.

BHK/mf
Enclosures
cc: Paul Barstow

*AN ASSOCIATION OF ATTORNEYS AND NOT A PARTNERSHIP*

M:\...\BHK\Perma-Pipe, Inc\Letter to Bieda at XL Specialty Ins. Co..doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Perma-Pipe, Inc. v. Kleinfeld, et al__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐    NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☒    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Michael P. Connolly, BBO #637642__
ADDRESS __Murtha Cullina LLP   99 High Street, Boston, MA   02110__
TELEPHONE NO. __617-457-4000__

(CategoryForm.wpd - 2/15/05)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Perma-Pipe, Inc.

**DEFENDANTS**
Burton H. Kleinfeld and
Kleinfeld, Meyer, & DePaola

(b) County of Residence of First Listed Plaintiff: Cook County, IL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Norfolk
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

05-10454-NMG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: legal malpractice and Ch. 93A claims against former attorneys arising from failure to bring action on lien bond w/i statute of limitations.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 217,317.84

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 3/10/05

SIGNATURE OF ATTORNEY OF RECORD: Michael P. Connolly

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____