UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PERMA-PIPE, INC.<br>  *Plaintiff*,<br><br>v.<br><br>BURTON H. KLEINFELD, ESQ. and<br>KLEINFELD, MEYER & DePAOLA,<br>  *Defendants*. | CIVIL ACTION NO. 05-10454 NMG |

## ANSWER OF THE DEFENDANT, BURTON H. KLEINFELD

The Defendant, Burton H. Kleinfeld ("Kleinfeld"), hereby responds to the numbered allegations of the Complaint as follows:

1. Kleinfeld is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 1 of the Complaint.

2. Admitted.

3. Kleinfeld denies the allegations of paragraph 3 of the Complaint and admits only that Kleinfeld was associated with Kleinfeld, Meyer & DePaola at times relevant to this matter.

4. Kleinfeld states that the allegations of paragraph 4 of the Complaint constitute legal conclusions to which no response is required; to the extent this paragraph alleges any facts against Kleinfeld, they are denied.

5. Kleinfeld is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 5 of the Complaint.

6. Kleinfeld is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 6 of the Complaint.

7. Kleinfeld is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 7 of the Complaint.

8. Kleinfeld is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 8 of the Complaint.

9. Kleinfeld is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 9 of the Complaint.

10. Kleinfeld is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 10 of the Complaint.

11. Kleinfeld denies the allegations of paragraph 11 of the Complaint and admits only that Perma-Pipe requested he send a letter to XL Specialty on its behalf. Further, Kleinfeld states that he and Perma-Pipe never entered into a formal retainer agreement, Perma-Pipe never provided Kleinfeld with formal authorization to initiate a lawsuit on its behalf, and Perma-Pipe never paid Kleinfeld any fees for services rendered.

12. Kleinfeld admits that he drafted a letter, dated March 18, 2002, to XL Specialty, which speaks for itself, and that a copy of this letter is attached to the Complaint as Exhibit A. Kleinfeld denies the remaining allegations of paragraph 12.

13. Kleinfeld denies the allegations contained in the first three sentences of paragraph 13 of the Complaint, except admits that he spoke to Perma-Pipe about filing suit on its behalf and told Perma-Pipe that he would, or had, filed suit on its behalf, because he believed that he had. Kleinfeld is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the fourth sentence of paragraph 13.

14. Denied, except admits that he spoke to Perma-Pipe about filing suit on its behalf and told Perma-Pipe that he would, or had, filed suit on its behalf, because he believed that he had.

15. Denied.

16. Kleinfeld is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 16 of the Complaint.

## COUNT I

17. Kleinfeld incorporates by reference the responses to paragraphs 1-16 of the Complaint as if fully set forth herein.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

## COUNT II

22. Kleinfeld incorporates by reference the responses to paragraphs 1-21 of the Complaint as if fully set forth herein.

23. Kleinfeld states that the allegations of paragraph 23 of the Complaint constitute legal conclusions to which no response is required; to the extent this paragraph alleges any facts, Kleinfeld is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 23.

24. Kleinfeld states that the allegations of paragraph 24 of the Complaint constitute legal conclusions to which no response is required; to the extent this paragraph alleges any facts, they are denied.

25. Denied.

26. Denied.

## JURY DEMAND

WHEREFORE, Kleinfeld demands a jury trial on all issues so triable.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff fails to state a claim against Kleinfeld upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the applicable statutes of limitations and/or repose.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the principles of waiver and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

If the Plaintiff was damages as alleged in the Complaint, which is denied, any such damager was a result of acts and/or omissions of persons or entities over whom Kleinfeld had no control and for whose conduct Kleinfeld was not and is not responsible.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery, or any recovery must be reduced, by its failure to mitigate its damages.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims should be dismissed for lack of personal jurisdiction.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, or its damages must be reduced, by the Plaintiff's contributory negligence.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the Plaintiff has not been damaged as a result of any act or omission of Kleinfeld.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the alleged acts or omissions of Kleinfeld were not the legal or proximate cause of any damage to the Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because Kleinfeld has not engaged in any conduct that constitutes an unfair or deceptive act or practice under G.L. c. 93A, nor has Kleinfeld done or failed to do anything that would give rise to multiple damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims under G.L. c. 93A are barred because Kleinfeld is not a proper party to such claims.

WHEREFORE, Kleinfeld respectfully requests that this Honorable Court dismiss all claims pending against it and award Kleinfeld attorneys' fees and costs associated with the defense of this action, as well as any other relief deemed appropriate.

                                                Respectfully submitted,
                                                **BURTON H. KLEINFELD**
                                                By his attorneys,

/s/ David J. Hatem

David J. Hatem, PC (BBO #225700)
A. Neil Hartzell (BBO #544752)
Rebecca L. Rausch (BBO #661304)
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: May 11, 2005.
00913656
22575.54

## CERTIFICATE OF SERVICE

  I, Rebecca L. Rausch, hereby certify that on this 11th day of May, 2005, I caused of copy of the foregoing document to be sent via first class mail, postage pre-paid, to:

Mark G. DeGiacomo (BBO # 118170)
Michael Connolly (BBO # 637642)
MURTHA, CULLINA LLP
99 High Street, 20th Floor
Boston, Massachusetts 02110

Lawrence J. Quinn (*admission pro hac vice pending*)
Ann Grillo (*admission pro hac vice pending*)
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202

Rebecca L. Rausch