UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PERMA-PIPE, INC.<br>*Plaintiff*,<br><br>v.<br><br>BURTON H. KLEINFELD, ESQ. and<br>KLEINFELD, MEYER & DePAOLA,<br>*Defendants*. | CIVIL ACTION NO. 05-10454 NMG |

## ANSWER OF THE DEFENDANT, MEYER & DePAOLA

Meyer & DePaola, an association of attorneys and not a partnership, answering for the misnamed Kleinfeld, Meyer & DePaola ("M&D"), hereby responds to the numbered allegations of the Complaint as follows:

1. M&D is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 1 of the Complaint.

2. M&D is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 2 of the Complaint.

3. M&D denies the allegations of paragraph 3 of the Complaint and admits only that it is located in Boston, Massachusetts and that Burton H. Kleinfeld ("Kleinfeld") was at one time associated with Kleinfeld, Meyer & DePaola.

4. M&D states that the allegations of paragraph 4 of the Complaint constitute legal conclusions to which no response is required; to the extent this paragraph alleges any facts against M&D, they are denied.

5. M&D is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 5 of the Complaint.

6. M&D is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 6 of the Complaint.

7. M&D is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 7 of the Complaint.

8. M&D is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 8 of the Complaint.

9. M&D is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 9 of the Complaint.

10. M&D is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 10 of the Complaint.

11. M&D denies that Perma-Pipe retained the "law firm, Kleinfeld, Meyer & DePaola". M&D is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of paragraph 11 of the Complaint.

12. M&D admits that Kleinfeld drafted a letter, dated March 18, 2002, to XL Specialty, which speaks for itself, and that a copy of this letter is attached to the Complaint as Exhibit A. M&D denies the remaining allegations of paragraph 12.

13. M&D is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 13 of the Complaint.

14. M&D is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 14 of the Complaint.

15. M&D is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 15 of the Complaint.

16. M&D is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 16 of the Complaint.

## COUNT I

17. M&D incorporates by reference the responses to paragraphs 1-16 of the Complaint as if fully set forth herein.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

## COUNT II

22. M&D incorporates by reference the responses to paragraphs 1-21 of the Complaint as if fully set forth herein.

23. M&D states that the allegations of paragraph 23 of the Complaint constitute legal conclusions to which no response is required; to the extent this paragraph alleges any facts, M&D is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 23.

24. M&D states that the allegations of paragraph 24 of the Complaint constitute legal conclusions to which no response is required; to the extent this paragraph alleges any facts, they are denied.

25. Denied.

26. Denied.

## JURY DEMAND

WHEREFORE, M&D demands a jury trial on all issues so triable.

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff fails to state a claim against M&D upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims should be dismissed because M&D is not a proper party to the suit.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by any applicable statutes of limitations and/or repose.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the principles of waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

If the Plaintiff was damages as alleged in the Complaint, which is denied, any such damager was a result of acts and/or omissions of persons or entities over whom M&D had no control and for whose conduct M&D was not and is not responsible.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery, or any recovery must be reduced, by its failure to mitigate its damages.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims should be dismissed for lack of personal jurisdiction.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, or its damages must be reduced, by the Plaintiff's contributory negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the Plaintiff has not been damaged as a result of any act or omission of M&D.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the alleged acts or omissions of M&D were not the legal or proximate cause of any damage to the Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because M&D has not engaged in any conduct that constitutes an unfair or deceptive act or practice under G.L. c. 93A, nor has M&D done or failed to do anything that would give rise to multiple damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims under G.L. c. 93A are barred because M&D is not a proper party to such claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because at no time was there an attorney-client relationship, express or implied, between the Plaintiff and M&D.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because it was not reasonably foreseeable that the Plaintiff would rely upon M&D for legal services, given that the Plaintiff never retained M&D.

WHEREFORE, M&D respectfully requests that this Honorable Court dismiss all claims pending against it and award M&D attorneys' fees and costs associated with the defense of this action, as well as any other relief deemed appropriate.

Respectfully submitted,
**MEYER & DePAOLA, an association of attorneys and not a partnership,**
By its attorneys,

_____
David J. Hatem, PC (BBO #225700)
A. Neil Hartzell (BBO #544752)
Rebecca L. Rausch (BBO #661304)
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: May 11, 2005.

00913627
22575.54

## CERTIFICATE OF SERVICE

I, Rebecca L. Rausch, hereby certify that on this 11th day of May, 2005, I caused of copy of the foregoing document to be sent via first class mail, postage pre-paid, to:

Mark G. DeGiacomo (BBO # 118170)
Michael Connolly (BBO # 637642)
MURTHA, CULLINA LLP
99 High Street, 20th Floor
Boston, Massachusetts 02110

Lawrence J. Quinn (*admission pro hac vice pending*)
Ann Grillo (*admission pro hac vice pending*)
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202

Rebecca L. Rausch