UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PERMA-PIPE, INC.<br>*Plaintiff*,<br><br>v.<br><br>BURTON H. KLEINFELD, ESQ. and<br>KLEINFELD, MEYER & DePAOLA,<br>*Defendants*. | CIVIL ACTION NO. 05-10454 NMG |

**MEMORANDUM IN SUPPORT OF THE DEFENDANT, MEYER & DePAOLA's
MOTION FOR JUDGMENT ON THE PLEADINGS**

The Defendant, Meyer & DePaola (the "Association") submits this memorandum in support of its Motion for Judgment on the Pleadings on all claims pending against it in this matter pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Plaintiff, Perma-Pipe, Inc. ("Plaintiff"), cannot succeed on its claims against the Association because the Association is not a proper party to this action; as an unincorporated association, the Association cannot be sued. Further, the individual voluntary members of the Association are not liable for any alleged legal malpractice committed by Burton H. Kleinfeld ("Kleinfeld"), and liability cannot be imputed to these individuals because the Association is neither a partnership-in-fact nor a partnership-by-estoppel.

I. ALLEGATIONS IN THE COMPLAINT

Plaintiff has asserted two counts against Kleinfeld and the Association, alleging: (1) professional negligence, and (2) G.L. c. 93A violations. See Complaint, ¶¶17-26. The Association is entitled to judgment in its favor on both counts.

The Complaint alleges that from April 2001 to October 17, 2001, Plaintiff provided materials and field technical assistance to a contractor working on an apartment project. Id., ¶ 5.[1] Despite Plaintiff satisfying its obligations, Plaintiff alleges it was not paid the final balance due for its services. Id., ¶ 6. The Complaint asserts that in early 2002, Plaintiff retained Burton H. Kleinfeld to represent it in pursuing a claim for payment. Id., ¶ 11. At the time, Kleinfeld was allegedly a member of Kleinfeld, Meyer & DePaola. Id., ¶ 3. Kleinfeld, Meyer & DePaola was "an association of attorneys and not a partnership." Id., Exhibit A.

On March 18, 2002, Kleinfeld sent a letter, on Kleinfeld, Meyer & DePaola letterhead, to the company who owed Plaintiff money. Id., ¶ 12, Exhibit A. Therein, Kleinfeld stated he represented Plaintiff and that unless payment was made, a lawsuit would be filed. Id. Kleinfeld also represented to Plaintiff that he would bring suit against the party refusing to pay Plaintiff. Id., ¶13. The Complaint alleges that from March 2002 until December 2004, Plaintiff made repeated requests to Kleinfeld for a status update on the case. Id., ¶ 14. Plaintiff maintains that Kleinfeld misrepresented that a suit had been filed when in fact a suit was not filed. Id. Kleinfeld never filed a suit and the statute of limitations has run on Plaintiff's claim against the party who owes Plaintiff money. Id., ¶ 16.

## II.   ARGUMENT

### A.   Standard of Review.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In adjudicating Motions for Judgment on the Pleadings under Rule 12(c), the Court must use essentially the same standard it uses in evaluating a 12(b)(6) motion. Pasdon v. City of

---

[1] Solely for purposes of this Motion, the Association assumes that the facts plead in the Complaint are true. The Association, however, reserves the right to dispute those allegations should the Court deny its Motion.

2

Peabody, 417 F.3d 225, 2005 U.S. App. LEXIS 16611, *1 (1st Cir. 2005). "The trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." Rivera-Gomez v. De Castro, 843 F.2d 631, 635 (1st Cir. 1998) (internal citations omitted). The motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. That general proposition notwithstanding, in 12(b)(6) motions and therefore in 12(c) motions, "bald assertions, . . . subjective characterizations, optimistic predictions, or problematic suppositions" need not be credited. U.S. v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992).

**B.   The Association Cannot Be Sued Because it is an Unincorporated Association.**

Plaintiff's claim against the Association must be dismissed because an unincorporated association "is not a separate entity and cannot be a party to litigation." Curley v. North American Man Boy Love Association, 2003 U.S. Dist. LEXIS 12488 (D. Mass., Mar. 31, 2003) (quoting Maria Konopnicka Soc'y of Holy Trinity Polish Roman Catholic Church v. Maria Konopnicka Soc'y, 331 Mass. 565 (1954)); Sitrin v. Meneghini, 1996 Mass. App. Div. 148, 149 n. 4 (Sept. 10, 1996). The Association is an association of independent attorneys. As evidenced in Exhibit A to the Complaint, the Association's letterhead states that Meyer & DePaola is "**an association of attorneys and not a partnership.**"

In Curley, the plaintiffs sued the North American Man Boy Love Association ("NAMBLA"), an unincorporated association, for the murder of their child, committed by a member of NAMBLA. Curley, 2003 U.S. Dist. LEXIS 12488 at *3. The plaintiffs named the association NAMBLA as a party to the suit rather than suing individual defendants in their

3

capacities as representatives of the membership of NAMBLA.[2] Id. at *14. The court held that because NAMBLA was an unincorporated association, it must be dismissed from the action. Id. at *15.

Just as NAMBLA was dismissed from the action in Curley because it was an unincorporated association, so too must the claims against the Association be dismissed.

### C. Individual Members of the Association Cannot Be Held Liable for the Alleged Malpractice of Kleinfeld.

As stated above, the claims against the Association should be dismissed because the Association is not a proper party. Simply stated, the Association cannot be sued. However, assuming strictly arguendo that the Complaint would be amended to name the individual members of the Association as defendants, the individual members cannot be held liable for Kleinfeld's alleged malpractice because membership in a voluntary association alone does not impose liability for actions of another member. Moreover, the Association is neither a partnership-in-fact nor a partnership-by-estoppel, so liability cannot be imputed to the individual members.

#### *1. Membership alone in an unincorporated association does not impose liability onto members for the actions of an individual member.*

Mere membership in a voluntary association does not make the members of the association liable for the acts of their associates. Sitrin, 1996 Mass. App. Div. at 150 (citing Sweetman v. Barrows, 263 Mass. 349, 355 (1928); Malloy v. Carroll, 287 Mass. 376, 391 (1934)). Indeed, to establish liability of the individual members, Plaintiff would need to allege that the individual members both knew and approved of Kleinfeld's actions. Id. ("A member of a voluntary association should not be subject to damages caused by the actions of another

---

[2] The plaintiffs never asserted that individual members of NAMBLA were liable on behalf of the membership of NAMBLA. Id. at *14. Instead, the plaintiffs urged the court to extend to NAMBLA the limited exception that permits labor unions to be sued directly as entities. Id. The court, however, refused to do so. Id.

member where he did not participate in any of the wrongful actions and cannot be shown to have known of, or assented to, the commission of those acts."). Here, Plaintiff does not allege that the individual members of the Association knew or approved of the alleged negligent representation by Kleinfeld, nor that the individual members were in any way involved in the alleged negligent representation. Indeed, Plaintiff will be unable to prove that the individual members of the Association had any knowledge of, or gave approval for, Kleinfeld's actions.

Such was the situation in Sitrin. In Sitrin, the plaintiff was injured at a fraternity house when a fraternity member hit the plaintiff in the head with an empty beer can, causing the Plaintiff injury. Id. at 149. The court held that the members of the fraternity could not be held liable for the negligence which caused the plaintiff's injuries. Id. The court reasoned that none of the other fraternity members were aware of the behavior that caused the injury nor was there any indication that other fraternity members approved of the behavior. Id.

Likewise, here, the Association members cannot be liable for Kleinfeld's alleged negligent representation, about which they had no knowledge and for which gave no approval.

2. *The Association is neither a Partnership-In-Fact nor a Partnership-By-Estoppel.*

In an attempt to save its claims against the Association, Plaintiff may argue that the Association is somehow a partnership-in-fact or a partnership-by-estoppel, and the purported putative partners can thus be held liable for Kleinfeld's actions. Such arguments, however, must also fail. The facts of this case, as alleged by Plaintiff, demonstrate that the Association is nothing more than a true association. Furthermore, Plaintiff cannot establish any set of facts proving otherwise.

Several factors determine whether a partnership-in-fact exists, including: "whether there is '(1) an agreement by the parties manifesting their intention to associate in a partnership, (2) a

sharing by the parties of profits and losses, and (3) participation by the parties in the control or management of the enterprise.' " Kansallis Finance Ltd. v. Fern, 40 F.3d 476, 478-79 (1st Cir. 1994) (quoting Fenton v. Bryan, 33 Mass. App. Ct. 688, 691 (1992)). The absence of these factors precludes a finding that a partnership existed. Cf. McDonald v. Fox, 13 Mass. L. Rep. 235, *8 (Mass. Super. April 11, 2001) (partnership existed only when parties intended to jointly provide capital, share in profits, and jointly control the common business venture).

Here, as established in the Complaint, the members of the Association did not intend to form a partnership. The Association's letterhead explicitly disclaims any partnership arrangement between the members. See Complaint, Exhibit A.

The Association's letterhead distinguishes the instant case from cases finding a partnership-in-fact. This court's recent decision in Andrews v. Elwell, 2005 U.S. Dist. LEXIS 5798, *10-11 (D. Mass. Mar. 24, 2005), found that the attorney group in question may have held themselves out as a partnership by using the phrase "Attorneys at Law" on their letterhead. The use of the phrase "Attorneys at Law" without disclaimer implied the existence of a partnership. Id. "Massachusetts law requires that attorneys who do choose to list their names together must disclaim any partnership if they are not, in fact, partners. Anything less than an explicit and unambiguous disclaimer of a partnership can suggest to the public the fact that the attorneys are partners." Id. at 14 (citing Atlas Tack Corp. v. DiMasi, 37 Mass. App. Ct. 66, 70 (1994); Gosselin v. Webb, 242 F.3d 412, 417 (1st Cir. 2001)). This court ruled that in the absence of an express disclaimer, "attorneys who present themselves to the public by listing their names together do thereby represent to the public that they are a partnership." Id.

Tthe circumstances of this case, however, directly contrast those in Andrews. The Association explicity and unambiguously disclaimed the formation of any partnership via the

6

disclaimer on its letterhead. Therefore, because the Association specifically disclaimed any partnership on their letterhead, the Association did not hold themselves out or operate as a partnership. No partnership-in-fact can be established.

Similarly, the Association is not a partnership-by-estoppel. In order to establish a partnership-by-estoppel, the plaintiff must show "(1) that the would-be partner has held himself out as a partner; (2) that such holding out was done by the defendant directly or with his consent; (3) that the plaintiff had knowledge of such holding out; and (4) that the plaintiff relied on the ostensible partnership to his prejudice." Atlas Tack Corp. v. DiMasi, 37 Mass. App. Ct. 66, 68-69 (1994) (quoting Brown v. Gerstein, 17 Mass. App. Ct. 558, 571 (1984)); accord Gosselin v. Webb, 242 F.3d 412, 415 (1st Cir. 2001); Standard Oil Co. v. Henderson, 265 Mass. 322, 326 (1928). "Failure to establish any of these requirements precludes recovery on an estoppel theory." Brown, 17 Mass. App. Ct. at 571. Here, Plaintiff's Complaint does not allege a single fact establishing that the Association was a partnership-by-estoppel.

In Brown, the plaintiffs sued two attorneys, Gerstein and Weiner, for legal malpractice and violations of Chapter 93A. Id. at 559. The plaintiffs formally retained Gerstein's services for the underlying matter. Id. at 560-61. Weiner's involvement in the underlying matter was limited to two facts: (1) Weiner knew that Gerstein sent correspondence to the plaintiffs on "Gerstein and Weiner" letterhead; and (2) the plaintiffs issued a check made payable to "Gerstein and Weiner" which was deposited in the "Gerstein and Weiner clients' account." Id. at 572. The plaintiffs never met with Weiner and Weiner never rendered any legal services on the plaintiffs' behalf. Id. In light of this significant lack of evidence on the second *prima facie* element, i.e.,

7

"that any holding out was done directly by Weiner or with his consent," the trial court correctly dismissed the claims against Weiner. Id.

The facts of the case at bar are virtually identical. Plaintiff retained Kleinfeld's services for the underlying matter, just as the plaintiffs in Brown retained Gerstein's services. Kleinfeld stated in his letter dated March 18, 2002, that he represented Perma-Pipe, Inc. The only alleged links between Kleinfeld and the other individual members are the facts that they shared office space and used common letterhead. While it is true that the names of the other members of the Association appeared on that letterhead, "the use of a person's name in a business, even with that person's knowledge, is too slender a thread to warrant a favorable finding on the consent element." Brown, 17 Mass. App. Ct. at 572 (citing Standard Oil, 265 Mass. at 326). Thus, Plaintiff's claims against the other individual members of the Association fail as a matter of law because Plaintiff has not alleged, and cannot provide, sufficient facts to meet the second *prima facie* element of a partnership-by-estoppel. See Gosselin, 242 F.3d at 417 (citing Standard Oil, 265 Mass. 322; Brown, 17 Mass. App. Ct. at 572) (holding that "if the only evidence of 'holding out' consists of the use of a person's name in a business, even with that person's knowledge, the putative partner may escape liability as a matter of law"). Plaintiff cannot establish that a partnership should be imputed.

WHEREFORE, the Association respectfully requests that this Honorable Court grant its Motion for Judgment on the Pleadings and award the Association attorneys' fees and costs associated with the defense of this action, as well as any other relief deemed appropriate.

        Respectfully submitted,
        **MEYER & DePAOLA,**
        By its attorneys,

        /s/ Nancy M. Reimer
        David J. Hatem, PC (BBO #225700)
        Nancy M. Reimer (BBO #555373)
        Rebecca L. Rausch (BBO #661304)
        DONOVAN HATEM LLP
        Two Seaport Lane
        Boston, MA 02210
        (617) 406-4500

Dated: September 15, 2005.
00945020 // 22575.54

## CERTIFICATE OF SERVICE

I, Rebecca L. Rausch, hereby certify that on this 15th day of September, 2005, I caused of copy of the foregoing document to be sent via first class mail, postage pre-paid, to:

Mark G. DeGiacomo (BBO # 118170)
Michael Connolly (BBO # 637642)
MURTHA, CULLINA LLP
99 High Street, 20th Floor
Boston, Massachusetts 02110

Lawrence J. Quinn (*admitted pro hac vice*)
Ann Grillo (*admitted pro hac vice*)
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202

Rebecca L. Rausch